**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Michael Lewandowski,
Plaintiff,

v.

Delta Air Lines, Inc., a Delaware

Corporation,

Defendant

**COMPLAINT (Jury Trial Demanded)**
Case No.

---

The Plaintiff, Michael Lewandowski, for his claim for relief against the above named Defendant hereby states and alleges as follows:

1. That at all times material, the Plaintiff Michael Lewandowski, (Lewandowski) was a resident and citizen of the State of Minnesota, residing in the City of Foley, Minnesota.

2. That at all time material, the Defendant Delta Air Lines, Inc. (hereafter Delta Air Lines) was a Delaware Corporation, registered to do business within the State of Minnesota and doing regular, systematic, substantial and continuous business in the State of Minnesota, providing domestic and international air carriage and transportation to members of the public, at multiple locations within the State of Minnesota, including the Minneapolis/St. Paul International Airport (MSP).

3. That the Plaintiff Michael Lewandowski purchased a ticket for international air carriage, travel, and transportation on Delta Air Lines, while he was in the State of

1

Minnesota, for flights from MSP Airport to Lisbon, Portugal International Airport (LIS), with a connection through John Fitzgerald Kennedy International Airport, New York, New York (JFK) on June 3, 2017, and a return flight from Amsterdam Airport Schiphol, Netherland (AMS), direct to MSP Airport on June 13, 2017, Delta Fight #163, which was scheduled to depart AMS at 1:00 pm local time, and arrive at MSP at 2:59 local time.

4. That on June 13, 2017 while a passenger on Delta Flight #163 from Amsterdam (AMS) to the Minneapolis/St. Paul International Airport (MSP), located in the State of Minnesota, the Plaintiff Michael Lewandowski sustain severe and permanent physical and bodily injuries when luggage that had been stowed in the overhead luggage storage compartment by a Delta Air Lines flight attendant, fell from the overhead luggage compartment and struck him on his head, when the luggage compartment door was opened during the flight shortly before Delta Flight #163 was to land at MSP Airport.

5. This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 as the transportation out of which the subject matter of this action arose was an accident involving international air carriage and transport within the meaning of the treaty of the United States for the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 reprinted in S. Treaty Doc. No. 106-45, <u>1999 WL 33292734 (2000)</u> (entered into force on November 4th 2003)( hereafter Montreal Convention) and the rights and liabilities of

the parties in this matter, including jurisdiction and venue, are governed by the provisions of The Montreal Convention.

6. Venue lies within this judicial district pursuant to the provisions of 28 U.S.C. Section 1391 and under Article 28 of the Montreal Convention as Plaintiff Michael Lewandowski purchased the ticket for the subject international flight on which the accident occurred and he sustained bodily injuries and damages while in the State of Minnesota, and the State of Minnesota was the place of destination of Delta Flight #163.

7. That on June 13, 2017, the Plaintiff Michael Lewandowski boarded Delta Flight #163 in Amsterdam, at the AMS Airport, with his wife and two daughters for the flight to MSP, and was then seated in the seat assigned to him by Delta Air Lines for the flight, and that while boarding was underway, after the Plaintiff had taken his assigned seat, a Delta Flight Attendant placed additional luggage in the luggage compartment or bin directly above the Plaintiff in an already full luggage bin, and after some difficulty, the Flight Attendant was able to slam close the luggage compartment door, and that after the luggage compartment door was closed, no persons opened the luggage compartment door during the flight until the Plaintiff was struck and injured.

8. That approximately one hour before Delta Flight #163 was to land at MSP, the luggage bin was opened, and the Plaintiff Michael Lewandowski was suddenly and unexpectedly struck on the head by luggage that fell from the luggage bin and he

immediately felt a sharp blow to the head, and was dazed and shocked from the blow.

9. That the blow to the head of the Plaintiff Michael Lewandowski was external to the Plaintiff and was an accident under the Montreal Convention. The accident and injury were reported to the cabin crew and the Plaintiff made a report to the Crew Pursuer.

10. The Defendant Delta Air Lines had a duty to use the highest degree of care for the safety and well-being of its passengers, including the Plaintiff, including safely securing luggage in the luggage compartment and not overloading the luggage compartment on Flight #163 so that luggage would suddenly and unexpectedly fall when the luggage compartment is opened and strike a passenger sitting below, including the Plaintiff Michael Lewandowski.

11. That as a direct and proximate of the failure of the Defendant to use the highest degree of care and breach of its duty to use such care, an accident occurred during Delta Flight #163 from AMS to MSP and the Plaintiff Michael Lewandowski was struck on the head from luggage that fell from the luggage compartment when it was opened after being stowed by a Delta Flight Attendant, resulting in the injuries and damages to the Plaintiff Michael Lewandowski as set forth herein.

12. That as a direct and proximate result of the blow to his head while a passenger seated in his assigned seat on Delta Flight #163 on June 13, 2019, while under the complete direction and control of the Defendant, the Plaintiff Michael Lewandowski sustained significant and permanent injuries, including injuries to his head, neck, upper back,

shoulder, back, and other injuries, which have resulted in and caused damages and losses for past and future medical care and treatment, past and future loss of earnings and earning capacity and past and future pain, suffering, disability and other damages as allowed by law, all in an amount greater than Seventy Five Thousand Dollars, $75,000.00.

13. That as a legal and proximate cause and consequence of the above accident, the Plaintiff sustained bodily injuries while a passenger on Delta's international Flight #163, and as a result of such injuries arising during international carriage by air, the Defendant Delta Air Lines is liable and cannot exclude or limit its liability, for up to 100,000 Special Drawing Rights, as provided for in the Montreal Convention, and for damages in excess of 100,000 Special Drawing Rights, the Defendant is not liable only if it proves that the damages were not due to its negligence or the damages were due solely due to the negligence of a third party.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant Delta Air Lines as follows:

1. For damages for the bodily injuries and losses from the accident set forth herein, judgment in an amount greater than Seventy Fire Thousand and no/100 Dollars ($75,000.00);

2. For interest, costs and disbursements herein as allowed by law and for such other and further relief as may be granted.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**.

                                        **WATTERS LAW OFFICE**

Dated:  April 9, 2019

                                        <u>/s/Stephen P. Watters</u>
                                        Stephen P. Watters (122737)
                                        Attorneys for Plaintiff
                                        5101 Thimsen Ave. Suite 200
                                        Minnetonka, MN  55345
                                        (952) 224-2843 (p)
                                        (952) 224-2843 (f)
                                        swatters@watterslegal.com